IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARY RAY RIKE, | § | |
|     PLAINTIFF, | § | |
| | § | |
| v. | § | CASE NO. 3:22-CV-1530-S-BK |
| | § | |
| PHH MORTGAGE SERVICES and | § | |
| US BANK NA, | § | |
|     DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Order of Reference*, Doc. 4, this case was referred to the undersigned United States magistrate judge for pretrial management. Now before the Court is *Counter-Plaintiff/Third-Party Plaintiff U.S. Bank, as Trustee's Motion for Default Judgment*. Doc. 11. As detailed herein, the motion should be **GRANTED**.

**I. BACKGROUND**

In November 2005, borrowers Gary and Rhonda Rike (the "Rikes") executed a note for a mortgage loan of $337,155 (the "Loan") on the real property located at 1773 La Costa Drive, Rockwall, Texas 75032 (the "Property"). Doc. 5 at 20; Doc. 5-1. The Rikes contemporaneously executed a deed of trust (the "Deed of Trust") on the Property, which identified Mortgage Electronic Registration Systems, Inc. ("MERS") as the original beneficiary. Doc. 5 at 20; Doc. 5-2. The Deed of Trust gave MERS, acting as nominee for the lender and its successor and assigns, the right to accelerate the maturity date of the Loan and foreclose and sell the Property upon the Rikes' default. Doc. 5 at 20-21; Doc. 5-2 at 10. In 2010, MERS assigned the Deed of Trust to U.S. Bank NA. Doc. 5 at 20; Doc. 5-3 at 3.

Thereafter, the Rikes thrice defaulted on the Loan by failing to make their loan payments. After their first default in 2011, the Loan was brought current through a modification that resulted in a principal balance of $443,297.96 ("First Modified Loan"). Doc. 5 at 20-21; Doc. 5-4 at 5. Following the Rikes' second default in 2016, the First Modified Loan was brought current through a second modification that resulted in a principal balance of $394,527.87 (the "Second Modified Loan"). Doc. 5 at 21; Doc. 5-5 at 4.

Upon the Rikes' failure to pay the balance owed under the Second Modified Loan, U.S. Bank NA, in accordance with the terms of the Deed of Trust and Texas Property Code § 51.002, sent them a Notice of Default and Intent to Accelerate, which (1) informed them that their loan was in default, (2) provided them with 30 days to cure the deficiency, and (3) stated that failure to cure would result in the acceleration of all loan payments owed under the Second Modified Loan. Doc. 5 at 21-22. The Rikes did not timely cure their default. Doc. 5 at 22. PHH Mortgage Corporation[1] then retained Power Default Services, Inc. ("PDS") to act as substitute trustee under the Deed of Trust. Doc. 11 at 3. PDS (1) executed, posted, and filed a Notice of [Substitute] Trustee Sale, which indicated that the Property would be sold in a foreclosure sale on July 5, 2022; and (2) sent the Rikes Notices of Acceleration of Maturity and a Notice of Sale to Borrowers. Doc. 11-1 at 4. As of December 30, 2022, the total amount due under the Second Modified Loan was $511,256.26. Doc. 11-10 at 2–3.

In July 2022, Gary Rike filed a case in state court alleging 12 causes of action against U.S. Bank NA regarding the Property. Doc. 1-1, *passim*. U.S. Bank NA filed an answer in state court, Doc. 1-1 at 47, and then removed the case to this Court based on federal question and

---

[1] PHH Mortgage Corporation is U.S. Bank NA's loan servicer. Doc. 11-1 at 2.

2

diversity jurisdiction. Doc. 1. Once removed, U.S. Bank NA filed its *First Amended Answer and Affirmative Defenses, and Counter-Plaintiff's Counterclaim and Third-Party Complaint for Judicial Foreclosure* (the "*Counterclaim and Third-Party Complaint*") against the Rikes. Doc. 5 at 23. After the Rikes did not timely respond to the counterclaim and third-party complaint[2] the Clerk entered a default against them upon U.S. Bank NA's request. Doc. 10. U.S. Bank NA subsequently filed this motion for default judgment under Federal Rule of Civil Procedure 55, seeking authorization for nonjudicial foreclosure on the Property. Doc. 11 at 9.

A hearing was held on the motion *sub judice* on August 17, 2023, at which counsel for all parties appeared. For the reasons that follow, the Court concludes that Counter Claimant-Third Party Plaintiff U.S. Bank NA is entitled to the relief it seeks.

## II. APPLICABLE LAW

Rule 55 authorizes a court to enter a default judgment against a defendant who fails to plead or otherwise defend against a plaintiff's claim. FED. R. CIV. P. 55. "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (internal footnote omitted). A party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (citation omitted). Rather, "the entry of a default judgment is [generally] committed to the discretion of the district [court]." *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

---

[2] Rhonda Rike's waiver of service of process does not constitute an answer or appearance. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 938 (5th Cir. 1999) (finding that the defendant "did not make an appearance such as to bring it within the purview of Rule 55(b)(2)" when the defendant did nothing to respond to the plaintiff's suit or demonstrate its intent to defend, despite executing a waiver of service of process).

Courts have developed a three-part analysis to determine whether to enter a default judgment against a defendant. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008). First, in assessing whether the entry of a default judgment is procedurally warranted, courts consider several factors, including:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Second, courts assess the substantive merit of the plaintiff's pleadings to determine whether there is a sufficient factual basis for default judgment. *See Nishimatsu Constr. Co., v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (finding that a plaintiff must plead sufficient facts to show it is entitled to relief). Third, courts determine the relief, if any, to which plaintiff is entitled. *Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384.

### III. ANALYSIS

#### A. *Default Judgment is Procedurally Warranted.*

Based on the *Lindsey* factors, U.S. Bank NA's motion for default judgment is procedurally warranted. Addressing the first, second, and third factors, there are "no material issues of fact in dispute," as the Rikes failed to answer U.S. Bank NA's complaint or otherwise appear before the Court, which (1) threatens to halt the adversary process, (2) effectively prejudices U.S. Bank NA's interests, and (3) clearly establishes the grounds for default. *See United States v. Aliyu*, No. 3:14-CV-1424-B, 2014 WL 5697966, at *2 (N.D. Tex. Nov. 4, 2014)

(Boyle, J.) (holding that because the defendant had not filed any responsive pleadings, there were no material facts in dispute); *see also Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197 (S.D. Tex. Oct. 5, 2011) (finding that default judgment was appropriate as the non-movant's "failure to respond threaten[ed] to bring the adversary process to a halt, effectively prejudicing [the p]laintiff's interests") (citing *Lindsey*, 161 F.3d at 893); *Liberty Burger Prop. Co. v. Liberty Rebellion Rest. Grp., LLC*, No. 3:22-CV-00085-E, 2023 WL 349790, at *4 (N.D. Tex. Jan. 20, 2023) (Brown, J.) (because the defendant "had sufficient time to file either an answer to [the] complaint or explain why it has not done so—the grounds for default [were] clearly established").

Fourth, there is no evidence before the Court to indicate that the Rikes' silence is the result of a "good faith mistake or excusable neglect." *See United States v. Garza*, No. 3:19-CV-0188-S, 2019 WL 4452147, at *3 (N.D. Tex. Aug. 22, 2019) (Ramirez, J.) (finding that it is the non-movant's duty to offer evidence to show that his failure to answer was in good faith or excusable). Fifth, U.S. Bank NA seeks only a nonjudicial foreclosure of the Property, thereby mitigating the harshness of a default judgment against the Rikes, as such relief is provided by law. *See United States v. Villalon*, No. 3:17-CV-0522-B, 2017 WL 4409028, at *2 (N.D. Tex. Oct. 4, 2017) (Boyle, J.) (finding that the harshness of a default judgment is mitigated when a plaintiff seeks only the relief the law provides); *see also Summers v. Liberty Sav. Bank, FSB*, No. 3:19-CV-2205-M-BH, 2021 WL 1240788, at *12 (N.D. Tex. Mar. 8, 2021) (Ramirez, J.) (stating that under Texas law, a party seeking to foreclose on a property may do so in a nonjudicial foreclosure sale) (citing *Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 129 n.1 (5th Cir. 1990)), *adopted by* 2021 WL 1237128 (N.D. Tex. Apr. 2, 2021). Finally, "the Court is not aware

of any facts that would give rise to 'good cause' to [obligate the Court to] set aside the default if challenged by [the Rikes]." *Villalon,* 2017 WL 4409028, at *2 (citing *Lindsey,* 161 F.3d at 893).

### B. Default is Substantively Warranted.

The Rikes, by their default, are deemed to have admitted the well-pleaded allegations in U.S. Bank NA's operative complaint. *Nishimatsu Constr. Co.*, 515 F.2d at 1206 (citing *Ohio Cent. R.R. Co. v. Cent. Tr. Co. of N.Y.*, 133 U.S. 83 (1890). A default judgment is unassailable on the merits but only as to the well-pleaded allegations, assumed to be true. *Id.*; *see Thomson v. Wooster*, 114 U.S. 104, 113 (1885). As such, the Court must review the pleadings to determine whether they provide a sufficient basis for the claim for relief. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. In conducting this analysis, courts look to the pleading requirements set out in Rule 8(a)(2). *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (relying on Rule 8 to determine the sufficiency of a complaint in a default judgment action); FED. R. CIV. P. 8(a)(2) (providing the requirements for a well-pleaded claim for relief).

Here, U.S. Bank NA's *Counterclaim and Third-Party Complaint* and the attached exhibits sufficiently state a claim under Texas Property Code § 51.002, and as such, its request for nonjudicial foreclosure should be granted. Specifically, U.S. Bank NA demonstrates that (1) it is the current assignee and mortgagee of the Deed of Trust; (2) the Rikes owe a debt under the Second Modified Loan; (3) the Rikes are in default under that loan; (4) the Rikes were properly provided notice of their default and the acceleration of the principal balance on the loan and given an opportunity to cure in accordance with Texas Property Code § 51.002. Doc. 5, *passim*. Moreover, the Rikes are not minors, incompetent, or entitled to relief under the Servicemembers

Civil Relief Act—50 U.S.C. App. § 501 *et seq.* *See* Doc. 8 at 3. Thus, U.S. Bank NA's filings establish that a default judgment against the Rikes is substantively warranted.

### C. U.S. Bank is Entitled to Relief.

Finally, the Court must determine the relief, if any, to which U.S. Bank NA is entitled. As clarified at the August 17, 2023 hearing, U.S. Bank NA requests a judgment for nonjudicial foreclosure, that is, a judgment permitting it to foreclose on the Property via trustee's sale at public auction pursuant to the Deed of Trust and Texas Property Code § 51.002.

"Under Texas law, lenders have a substantive right to elect judicial or nonjudicial foreclosure in the event of a default, and debtors have no right to force the lender to pursue a judicial foreclosure remedy." *Douglas v. NCNB Tex. Nat'l Bank*, 979 F.2d 1128, 1130 (5th Cir. 1992). As discussed *supra*, U.S. Bank NA established that the Rikes have been in default since April 2016. Accordingly, U.S. Bank NA is entitled to enforce its lien against the Property through a nonjudicial foreclosure of the Property via trustee's sale at public auction, as provided by the Deed of Trust and Texas Property Code § 51.002. *Cross v. Bank of N.Y. Mellon*, No. 21-20384, 2022 WL 1056093, at *2 (5th Cir. Apr. 8, 2022) (finding that because the plaintiff could legally enforce the note and the deed of trust, "it [was] entitled as a matter of law to a judgment allowing it to non-judicially foreclose its lien on the [p]roperty" in accordance with its deed of trust and Texas Property Code § 51.002).

### IV. CONCLUSION

For the foregoing reasons, *Counter-Plaintiff/Third-Party Plaintiff U.S. Bank, as Trustee's Motion for Default Judgment,* Doc. 11, should be **GRANTED,** and the Court should enter

7

judgment permitting U.S. Bank N.A. to proceed with nonjudicial foreclosure on the Property under the Deed of Trust.[3]

      **SO RECOMMENDED** on August 23, 2023.

_[signature]_
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[3] If this recommendation is accepted, only Plaintiff's claims will remain pending.